UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x
BENIGNO VELASQUEZ, *pro se*,

                            Petitioner

       -against-

PHILIP D. HEATH, Superintendent,
Sing Sing Correctional Facility

                          Respondent.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
11-CV-05440 (SLT)

**SANDRA L. TOWNES, United States District Judge**:

Currently before the Court is petitioner Benigno Velasquez's *pro se* petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 conviction, after a jury trial in the New York Supreme Court, Queens County, of Robbery in the Second Degree, Reckless Endangerment in the First Degree, Grand Larceny in the Fourth Degree, Assault in the Third Degree, Reckless Driving, and Leaving the Scene of an Accident Without Reporting. Petitioner alleges four claims in his petition: (1) that the Supreme Court improperly dismissed a prospective juror for cause; (2) that the evidence was legally insufficient to support a finding that the victim suffered "physical injury" within the meaning of New York Penal Law § 120.00(1); (3) that the Supreme Court's sentencing of petitioner as a persistent violent felony offender violated his right to due process; and (4) that the Supreme Court erred in denying petitioner's request to present expert testimony concerning the reliability of eyewitness identifications.

For the reasons set forth below, the petition is denied in its entirety.

## BACKGROUND

### *Underlying Criminal Case*

On September 23, 2006, in Queens County, petitioner stole a car from Sorangel Barbosa. Petitioner then drove this car to the front of a Lexis dealership where he proceeded to assault and rob Rodney Smith. After an initial struggle, Smith pursued petitioner back to the stolen car. Petitioner attempted to flee in the stolen vehicle as Smith reached into the front driver's side window and tried to remove the ignition key. Petitioner drove away with Smith hanging from the driver's window. Smith was thrown from the car as petitioner swerved into incoming traffic. Smith then returned to his car and proceeded to follow petitioner. Petitioner repeatedly struck parked vehicles in the course of this chase. Petitioner eventually abandoned the stolen vehicle and fled on foot. The police arrested petitioner after recovering petitioner's cell phone in the stolen vehicle.

*The Trial & Verdict*

On these facts, Petitioner was indicted and tried before a jury. At the conclusion of trial, the jury convicted petitioner of Robbery in the Second Degree (Penal Law § 160.10(2)(a)), Reckless Endangerment in the First Degree (Penal Law § 120.25), Grand Larceny in the Fourth Degree (Penal Law § 155.30(8)), Assault in the Third Degree (Penal Law § 120.00(1)), Reckless Driving (V.T.L. § 1212), and Leaving the Scene of an Accident Without Reporting (V.T.L. § 600(1)).

The trial court sentenced petitioner, as a persistent violent felony offender, to indeterminate prison terms of sixteen years to life for second-degree robbery, three and a half to seven years for reckless endangerment, and two to four years for grand larceny. The trial court sentenced petitioner to definite prison terms of one year for assault, thirty days for reckless driving, and sixty days for leaving the scene of an accident without reporting. The trial court ordered these sentences to run concurrently.

*Direct Appeals*

On December 28, 2010, the Appellate Division, Second Department unanimously affirmed petitioner's conviction, and on April 5, 2011, the New York Court of Appeals denied leave to appeal. *People v. Velasquez*, 79 A.D.3d 1153 (2d Dep't 2010), *lv. den.*, 16 N.Y.3d 863 (2011).

*The Instant Petition*

Petitioner timely filed the instant petition for a writ of *habeas corpus* on November 2, 2011.

## STANDARD OF REVIEW

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A federal district court may grant a writ of *habeas corpus* to a state prisoner on a claim that was adjudicated on the merits in state court only if it concludes that the adjudication of the claim:
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

A decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially

indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-413 (2000). An "unreasonable application" is one in which "the state court identifie[d] the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Id.* at 413. Finally, "a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## *DISCUSSION*

### *A. Dismissal of Juror for Cause*

Velasquez claims that the trial court improperly excluded for cause a prospective juror who indicated her belief that the judicial system was affected by racism. As an initial matter, it is well settled that the process of empaneling a jury is committed to the sound discretion of the trial judge and will not be overridden absent an abuse of discretion. *See United States v. Torres,* 128 F.3d 38, 44 (1997); *United States v. Maldonado-Rivera,* 922 F.2d 934, 970 (2d Cir. 1990). The Appellate Division held that trial court's dismissal of the juror for cause was proper based on the juror's "numerous statements regarding her views on race and the criminal justice system that cast serious doubt on her ability to render an impartial verdict." This factual finding is presumptively correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

Additionally, when reviewing a trial court's dismissal of potential jurors for cause, this Court must determine whether the trial court's decision prevented the empaneling of an impartial jury and violated Velasquez's due process rights. In other words, it is not enough for Velasquez to show that the juror should not have been dismissed for cause; he must also demonstrate that the jury that was eventually selected was biased. *Harris v. Goord,* 2004 U.S. Dist. LEXIS 14017, at *15 (E.D.N.Y. July 24, 2004). Petitioner makes no such argument and his claim is therefore DENIED.

### *B. Sufficiency of the Evidence*

Velasquez contends that the evidence against him was legally insufficient to support a finding that he caused physical injury to the complainant within the meaning of Penal Law § 120.00(1). The Appellate Division denied this claim as unpreserved for appellate review. As the Supreme Court has set forth, "[f]ederal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan,* 132 S.Ct. 1309 (2012). For this reason, the doctrine of procedural default precludes federal review of "the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Id.* Procedurally defaulted claims may not be heard unless the petitioner demonstrates "cause for the default and prejudice from a violation of federal law." *Coleman v. Thompson,* 501 U.S. 722, 750, (1991). This procedural bar applies even if the state court addressed the merits of the claim in the alternative. *Velasquez v. Leonardo,* 898 F.2d 7, 9 (2d Cir. 1990); *see also Angeles v. Greiner,* 267 F. Supp. 2d 410, 416 (E.D.N.Y. 2003).

Given that the Appellate Division denied this claim on state procedural grounds and Petitioner makes no attempt to argue that an exception to the procedural bar doctrine applies, this Court holds that this claim is procedurally barred. It would offend principles of comity and

federalism for this Court to grant habeas review of Petitioner's procedurally barred claim, and accordingly, that claim is DENIED.

Furthermore, the Appellate Division's finding that upon "viewing the evidence in the light most favorable to the prosecution," the evidence "was legally sufficient to establish physical injury," is not "contrary to or an unreasonable application of clearly established Federal law," nor is it based upon an unreasonable determination of the facts. There is sufficient evidence in the record from which a rational juror could have found that petitioner inflicted "physical injury" as defined under New York law. Penal Law § 10.00(9) defines "physical injury" as the "impairment of physical condition or substantial pain." Considering the evidence in the light most favorable to the prosecution and drawing all inferences in its favor, Smith's injuries were more than mere "petty slaps, shoves, kicks and the like" and caused "more than slight or trivial pain." *People v. Chiddick*, 8 N.Y.3d 445, 447-8, (2007) (internal citations omitted). During the course of the robbery, petitioner rammed Smith's head into the top door frame of Smith's car with the purpose of taking Smith's money. Petitioner then drove into oncoming traffic at thirty to forty miles per hour while Smith hung from the driver's window until Smith was thrown from the car. Smith sustained a bloody nose, facial swelling for three days, and a week of knee and leg pain. Taken together, a rational juror could have found that Smith suffered physical injury.

To the extent that petitioner contends that the jury verdict was against the weight of the evidence, such a claim is not cognizable on habeas review. *See* 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). A "weight of the evidence" argument is "a pure state law claim grounded in New York Criminal Procedure Law § 470.15(5) which empowers New York State intermediate appellate courts to make weight of the evidence determinations." *Garrett v. Perlman*, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) (citing *Correa v. Duncan*, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001) (holding that this Court is "precluded[on a Section 2254 petition] from considering [a weight of the evidence] claim.")). Accordingly, because Velasquez has not made out a cognizable habeas claim, his petition on this ground is DENIED.

### C. Sentencing as Persistent Felony Offender

As with Velasquez's claim regarding the sufficiency of the evidence, the Appellate Division found that Velasquez's claim that the Supreme Court violated his constitutional rights when it sentenced him as a persistent violent felony offender was unpreserved for appellate review. Given that the Appellate Division denied this claim on state procedural grounds and petitioner makes no attempt to argue that an exception to the procedural bar doctrine applies, this Court holds that this claim is procedurally barred. It would offend principles of comity and federalism for this Court to grant habeas review of Petitioner's procedurally barred claim, and accordingly, that claim is DENIED.

Setting aside the procedural bar to Velasquez's claim, the Appellate Division further found that it was "in any event, without merit." This Court agrees. In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Almendarez-Torres v. United States*, 523 U.S.

4

224, 239-45 (1998), the Supreme Court expressly excepted defendant's prior convictions from *Aprendi*'s proscription against judicial factfinding. Therefore, the Appellate Division's finding is not contrary to, or an unreasonable application of, clearly established federal law.

### D. *Denial of Request to Present Expert Testimony*

Petitioner argues that the trial judge erred by not allowing him to introduce expert testimony on the reliability of eyewitness identification. This alleged error does not warrant habeas relief. Although the New York Court of Appeals has granted a new trial based on a judge's refusal to allow expert testimony on identifications, *People v. LeGrand*, 8 N.Y.3d 449 (2007), the Supreme Court has not addressed the issue. *See Mims v. Woods*, 2008 WL 4458133, at *3 (E.D.N.Y. Oct. 2, 2008); *Rodriguez v. Warden of Clinton Corr. Facility*, 2014 U.S. Dist. LEXIS 173709 (E.D.N.Y. Dec. 16, 2014). Thus, the trial judge's decision (and the Appellate Division's affirmance of it) could not be contrary to or an unreasonable application of clearly established federal law.

## *CONCLUSION*

For the reasons set forth above, the instant petition for a writ of habeas corpus is DENIED. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Clerk of Court is directed to enter judgment denying the petition and closing this case.

**SO ORDERED.**

/s/ Sandra L. Townes

SANDRA L. TOWNES
United States District Judge

Dated: February 24, 2015
Brooklyn, New York